RYDER, Chief Judge.
John Kaylor appeals a trial court order which found him in contempt of court and sentenced him to 179 days in jail. We dismiss the appeal.
The court’s finding of contempt was based upon appellant’s failure to follow the dictates of a prior partial final judgment on the issues of property rights, alimony and attorney’s fees in his dissolution of marriage proceeding. At the time appellant filed his initial brief on December 10, 1985, he was incarcerated in the Polk County Jail. On December 26, 1985, appellant sent the trial judge a letter in which he detailed how he had made arrangements to comply with the judge’s order. Appellant was released from custody on December 27, 1985. Although the judge’s order of contempt did not so state, it was civil rather than criminal in nature because it sought to compel compliance with a judicial direction for the benefit of an opposing party. Bowen v. Bowen, 471 So.2d 1274 (Fla.1985).
The issues appellant presents on appeal to this court challenge the technical sufficiency of the contempt order and the sentence. However, because of appellant’s compliance with the partial final judgment and his subsequent release from incarceration, a decision by this court would not serve any practical purpose. We therefore dismiss this appeal on the ground that the issues are moot. Montgomery v. Department of Health and Rehabilitative Services, 468 So .2d 1014, 1016-18 (Fla. 1st DCA 1985); Friends of the Everglades, Inc. v. South Florida Regional Planning Council, 447 So.2d 902 (Fla. 3d DCA 1984).
SCHEB and SANDERLIN, JJ., concur.